RICKY SALAZAR
Register Number 21223-051
Petitioner Appearing Pro Se
Beaumont Medium FCI
P.O. BOX 26040
BEAUMONT, TX 77720

U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2016 MAR -7  AM 10: 20

CLERK-LAS CRUCES

UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff / Respondent, <br><br> VS. <br><br> RICKY SALAZAR <br><br> Defendant / Petitioner. | CASE # 2:08-cr-00777-MV <br><br> 16CV165 MV-SMV |

**APPLICATION OF PETITIONER RICKY SALAZAR SEEKING ORDER MODIFYING SENTENCE IMPOSED HEREIN PURSUANT TO 28 U.S.C. § 2255**

**TO: PLAINTIFF / RESPONDENT UNITED STATES OF AMERICA AND All COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that Defendant/Petitioner RICKY SALAZAR

hereby moves this Court, pursuant to 28 U.S.C. § 2255 seeking an Order: (A)

correcting the sentence imposed herein; and, (B) Appointing counsel pursuant to 18 U.S.C. § 3006A for further proceedings thereinafter.

The within application incorporates the attached Memorandum of Law, pertinent records and exhibits pertaining to the case and any oral argument or evidence that the Court may allow at the hearing to be held thereupon. In accordance with Rule 2 of the Rules Governing 2255 Proceedings, this motion substantially follows the form appended thereto.

## I. STATEMENT OF PROCEDURAL HISTORY

1. On April 17, 2008, a two count indictment was filed in United States District court for the District of New Mexico against Ricky Salazar [hereinafter "Petitioner"] and others alleging the Possession with intent to distribute less than 5 grams of Methamphetamine in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(C) and 18 U.S.C. §2

2. On August, 31, 2009, the Petitioner entered a guilty plea to Count 1 of the indictment.

3. The Court entered a judgment of conviction against Petitioner on November 12, 2013. [Judgment in a Criminal Case, filed 02/25/2010 (Dkt. No. 51)]. The Court sentenced Petitioner to (a) 144 months incarceration; (b) a special

assessment of $100 pursuant to the Sentencing Reform Act of 1984; (c) 4 years supervised release.

4. Petitioner has no appeals pending in any court and Petitioner has not previously filed any petitions, applications, or motions with respect to this judgment in any court.

5. Petitioner has no other petition or appeal now pending in any court as to the judgment under attack.

6. Petitioner did not raise the grounds found herein on direct appeal.

7. Petitioner was sentenced on all Counts of the Indictment. After he completes his sentence with respect thereto, he has no further sentence to serve in this or any other matter, nor is there any other matter pending against him in this or any other jurisdiction.

## II. STATEMENT OF WITHIN PROCEEDING

Petitioner seeks to modify his sentence pursuant to 28 U.S.C. § 2255 based on the recent decision in the *Johnson v. United States,* 135 S. Ct. 2551 (2015), holding that Armed Career Criminal Act's (ACCA) residual clause is unconstitutionally vague under the Fifth Amendment's due process clause In particular, the Petitioner contends that the Career Offender enhancement no longer

applies so therefore if Petitioner were sentenced today, he would NOT be enhanced based on a "violent felony" or "crime of violence," in light of the *Johnson* case.

### III. CUSTODY STATUS OF PETITIONER

Petitioner is currently confined at Beaumont Medium FCI in Beaumont, Texas and is projected to be released from custody on or about June 19th 2018.

### IV. DOCUMENTS RELIED UPON

The within application relies upon the following documents: (1) exhibits referred to therein, including copies [Exhibit "A"], Clemency screening worksheet

### V. STATEMENT OF PERTINENT FACTS PRESENTED VIA PETITIONER'S UNSWORN DECLARATION PURSUANT TO 28 U.S.C. §1746(2)

Ricky Salazar, being of full age, respectfully avers the following under penalty of perjury, pursuant to 28 U.S.C. §1746(2):

1. I am the Petitioner herein and respectfully present the within Declaration under oath in support of my application for relief pursuant to 28 U.S.C. § 2255. Everything presented is of my own direct knowledge, except as to those (very few and relatively minor) matters that are presented on, and set forth as being based upon, information and belief. While in the body of this § 2255 Petition I refer to myself as "Petitioner," in this Declaration, I shall refer to myself in the first person.

2. The predicate offenses used against me to enhance my sentence were two Aggravated Batteries in state Court (Case Nos. CR-1990-182 and CR-2001-36). These are not pre-named or pre-listed predicate offenses in the Armed Career Criminal Act found at 18 U.S.C. §924(e)(2)(B)(1) and the Career Offender enhancement U.S.S.G. 4B1.2(a)(1). Therefore these two predicate offenses fall under the residual clause and should not have been used to enhance my sentence.

Appointment of Counsel

3. If the Court agrees that petitioner was wrongfully sentenced now in light of the recent holding, and directs a new sentencing, then I respectfully request appointment of new counsel, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. I have had the benefit of many months to research and prepare this Petition. But I lack the ability to prepare for a new sentencing proceeding under my current incarcerated condition. I am indigent and entirely without resources to engage new legal representation.

Dated this 1st day of March 2016.

*Ricky Salazar*
Ricky Salazar

## VI. MEMORANDUM OF LAW

### A. JURISDICTION

The United States District Court for the District of new Mexico has jurisdiction pursuant to 18 U.S.C. § 3231.

### B. TIMELINESS OF APPLICATION

Motions under § 2255 are subject to a one-year statute of limitation that runs from the *latest* of four specified dates:

§ 2255. Federal custody; remedies on motion attacking sentence

28 USCA § 2255

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The only date relevant here, is the date on which the right asserted was initially recognized by the Supreme Court of the United States. This claim is cognizable because the sentence is "in excess of the maximum authorized by law"

and is "imposed in violation of the Constitution or laws of the United States." § 2255(a). The *Johnson*, supra, case is a substantive change in the law and therefore retroactively applicable on collateral review in ACCA cases. This is petitioner's initial §2255 petition, the deadline is June 25, 2016, one year from the date on which the decision in *Johnson* was issued. See 28 U.S.C. §2255(f)(1)& (3).

### C. *Johnson* Case and the ACCA

A person convicted under 18 U.S.C. § 922(g) (felon-in-possession of a firearm) is subject to a statutory term of imprisonment of 0-10 years. However, the Armed Career Criminal Act (ACCA) enhances this penalty to 15 years to life if the person has three prior convictions for a "violent felony" or a "serious drug offense."

"Violent felony" is defined as any crime punishable by imprisonment for a term exceeding one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [elements clause]; or (ii) is burglary, arson, or extortion, involves use of explosives [enumerated offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another **[residual clause]**."

On June 26, 2015, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551 (2015), that the ACCA's residual clause is unconstitutionally vague

under the Fifth Amendment's due process clause. Id. at 2556-62. "[I]mposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Id. at 2560. The ACCA's residual clause does not "survive the Constitution's prohibition of vague criminal laws." Id. at 2555. The Court also overruled its prior decisions in James v. United States, 550 U.S. 192 (2007) (holding that Florida attempted burglary was a "violent felony" under the residual clause), and Sykes v. United States, 131 S. Ct. 2267 (2011) (holding that Indiana knowingly and intentionally fleeing a police officer by use of a vehicle was a "violent felony" under the residual clause).

The same is true of the identical residual clause in the definition of "crime of violence" in the guidelines. A defendant is subject to the career offender guideline, which significantly increases the guideline range by linking the offense level to the statutory maximum and automatically placing the defendant in Criminal History Category VI, if the instant offense is a felony and is either a crime of violence or a controlled substance offense, and the defendant has at least two prior convictions for a "crime of violence" or a controlled substance offense. USSG § 4B1.1(a).

The Petitioner's predicate offenses that were used to enhance the Petitioner's sentence were two State Aggravated Batteries convictions (Case No. CR-90-182 and CR-2001-36). These are not pre-named predicate offenses so they fall under

the residual clause of the Armed Career Criminal ACT 18 U.S.C. §924(e)(2)(B)(1) and the Career Offender enhancement U.S.S.G. 4B1.2(a)(1) as cited above.

The heart of the *Johnson* case is expressed, "Two features of the residual clause conspire to make it unconstitutionally vague. In the first place, the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. It ties the judicial assessment of risk to a judicially imagined "'ordinary case'" of a crime, not to real-world facts or statutory elements. How does one go about deciding what kind of conduct the "'ordinary case'" of a crime involves? "A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct? *Johnson* at 1154.

The *Johnson* Court goes on to say, "By tying the judicial assessment of risk to a judicially imagined "ordinary case" of a crime rather than to real-world facts or statutory elements, the clause leaves grave uncertainty about how to estimate the risk posed by a crime. At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. Taken together, these uncertainties produce more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson* supra, at 1156.

The 10th circuit has held that "Because of the commonality of language in the residual clauses of the ACCA and USSG § 4B1.2(a), we have consistently

interpreted them identically." *United States v. Thomas*, 643 F.3d 802, 805 (10th Cir. 2011); see also US v. Wray, 776 F.3d at 1184-85; *United States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010).

In *United States v. Madrid*, 805 F. 3d 1204 (10th Cir. 2015) from this very court out of New Mexico the 10th Circuit said, "Because the Guidelines are the beginning of all sentencing determinations, and in light of the "unavoidable uncertainty and arbitrariness of adjudication under the residual clause, we hold that the residual clause of § 4B1.2(a)(2) is void also for vagueness."

It is clear, that my sentence MUST be modified due to the fact the residual clause of § 4B1.2(a)(2) is void also for vagueness!

### Posture of the Proceeding

This is a post-judgment proceeding, not a direct appeal or a motion for new trial. And it is well-recognized that the law has a concern for finality in criminal matters; indeed, the presumption that a criminal judgment is final is at its strongest in collateral attacks. *United States v. Frady*, 456 U.S. 152, 162–169, 102 S.Ct. 1584, 1591–1595, 71 L.Ed.2d 816 (1982). Even so, no special threshold need be met:

> such claims makes clear, is an attack on the fundamental
> 
> fairness of the proceeding whose result is challenged.

Since fundamental fairness is the central concern of the writ of habeas corpus, *see Engle v. Isaac,* 456 U.S. 107, 126, 102 S.Ct. 1558, 1570, 71 L.Ed.2d 783 (1982).

### Appointment of Counsel

Petitioner's advises the Court that he is indigent and entirely without resources to engage new legal representation. He respectfully asks for appointment of counsel. The 10th Circuit has held that a trial court must appoint counsel to represent a financially eligible defendant in any post-conviction evidentiary hearing deemed necessary by the court. When an evidentiary hearing is ordered, appointment of counsel for indigent § 2255 movants is mandatory. See Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255.

### VII. CONCLUSION

Petitioner respectfully seeks entry of an Order (A) correcting his sentence in light of the holding in the *Johnson* Case reducing the Petitioner's sentence with the Career Offender enhancement removed from the Petitioner's sentence. and, (B) appointing counsel to represent petitioner thereinafter, together with further proceedings consistent therewith.

## PRAYER

The Petitioner prays that this Court grant the Petitioner substantial leeway in regards to the filing of this Petition because of the Petitioner's layman status. <u>Haines v. Kerner,</u> 404 U.S. 519 30 Led 2d 652.

DATED: March _1_, 2016

*Ricky Salazar*

RICKY SALAZAR
Register Number 21223-051
Petitioner Appearing Pro Se
Beaumont Medium FCI
P.O. BOX 26040
BEAUMONT, TX 77720