IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
| ) | |
| Plaintiff-Respondent,           ) | |
| ) NO. | 16-CV-0165 MV/SMV |
| v.                                                       ) | 08-CR-0777-MV |
| ) | |
| **RICKY SALAZAR**,                                 ) | |
| ) | |
| Defendant-Movant.              ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S
## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America hereby responds to Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Doc. 1.[1] Defendant argues that the Supreme Court's holding in *United States v. Johnson*, 135 S. Ct. 2551 (2015) that the residual clause of the Armed Career Criminal Act of 1984 is unconstitutionally vague renders his sentence invalid. Because Defendant was not sentenced pursuant to the Armed Career Criminal Act ("ACCA"), Defendant is not entitled to any relief.   For the reasons set forth below, the Court should deny Defendant's motion.

   **I.**   **Background**

On August 31, 2009, with the benefit of a Rule 11(c)(1)(C) plea agreement that stipulated to a sentence of 144 months, Defendant pled guilty to Count 2 count of the indictment, which charged him with possession with intent to distribute 5 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).  Cr. Doc. 16, 45-46.   The statutory maximum

---

[1] Citations to "Doc. __" refer to the docket number in the civil case, No. 16-CV-0165 MV/SMV. Citations to "Cr. Doc. __" refer to the docket number in the criminal case, 08-CR-0777 MV.

punishment for this offense was not less than five years nor more than 40 years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). A presentence report ("PSR") was prepared which calculated Defendant's offense level as 31 and his criminal history category as VI. PSR at ¶¶ 26, 53. This resulted in an advisory guideline range of 188 to 235 months. *Id*. at ¶ 102. Defendant's advisory guideline range was enhanced pursuant to the Career Offender provisions in USSG § 4B1.1, based on his two prior crime of violence convictions for aggravated battery.[2] PSR at ¶ 24. The definition of a crime of violence for purposes of § 4B1.1 is defined in § 4B1.2(a)(2) and includes a "residual clause" that is identical to the residual clause in the ACCA. USSG § 4B1.1. On February 11, 2010, the Court accepted the parties Rule 11(c)(1)(C) agreement and sentenced Defendant to 144 months of imprisonment. Cr. Doc. 51-52. On March 19, 2010, the Court granted the government's motion to dismiss count 1 of the indictment. *Id*. at 55. Defendant did not file a direct appeal, and this is his first motion filed pursuant to 28 U.S.C. § 2255.

II.     Argument

    A. **The Supreme Courts' invalidation of the residual clause in *Johnson* only applies retroactively to collateral attacks based on the ACCA.**

The ACCA enhances sentences for persons convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) if they previously have been convicted of a serious drug offense or a violent felony. *See Johnson*, 135 S. Ct. at 2555. ACCA "violent felonies" are defined under 18 U.S.C. § 924(e)(2)(B) to include "any crime punishable by imprisonment for a term exceeding one year" that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or

---

[2] The United States does not concede that these two prior convictions are not, in the alternative, crimes of violence under the "elements clause" of USSG § 4B1.2(a)(1), which was not impacted by the holding in *Johnson*. *See Johnson*, 135 S. Ct. at 2563. The Court, however, need not reach this issue if it concludes that *Johnson* does not apply retroactively to the Career Offender provisions of USSG § 4B1.1.

extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**.  The bolded part, also known as the "residual clause" was held to be unconstitutionally vague in *Johnson*. *See* 135 S. Ct. at 2557.  In so doing, the Supreme Court invalidated enhanced sentences under the ACCA which were based on the residual clause. *Id*. at 2563.

The new rule of constitutional law announced in *Johnson* is retroactive in *all* ACCA cases – those pending on direct review as of the date *Johnson* was decided, see *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), as well as those that were final before that date that are challenged on collateral review.[3]  That is because, as applied to the ACCA, *Johnson* announced a new substantive rule entitled to retroactive effect.  See *Schriro* v. *Summerlin*, 542 U.S. 348, 352 (2004).

This case, by contrast, involves a collateral attack challenging the use of the residual clause in the Sentencing Guidelines' definition of a "crime of violence" to enhance a guidelines sentencing range under the Career Offender provision of the guidelines.  The retroactive character of *Johnson* in ACCA cases on collateral review does not govern the separate question of whether *Johnson* applies retroactively to the Sentencing Guidelines.  While the application of

---

[3] The Tenth Circuit in *In re Gieswein*, 802 F.3d 1143, 1148-49 (10th Cir. 2015) held that for purposes of a second or successive § 2255, the Supreme Court has not made *Johnson* retroactive. *Gieswein* is distinguishable, however, because the case addressed a second or successive § 2255 not an initial § 2255.  For purposes of a second or successive § 2255, "a new rule is made retroactive to cases on collateral review only when the Supreme Court explicitly holds that the rule it announced applies retroactively to such cases." *United States v. Chang Hong*, 671 F.3d 1147, 1156 n.10 (10th Cir. 2011).  In *Gieswein*, the Tenth Circuit held that the Supreme Court had not explicitly held that *Johnson* applied retroactively to cases on collateral review as required by § 2255(h)(2).  802 F.3d at 1148-49.  Therefore, the court concluded that *Johnson* did not apply to second or successive § 2255 motions.  Notwithstanding the holding *Gieswein*, the United States' position is that *Johnson* applies retroactively to both initial and successive § 2255 motions.   The Supreme Court has granted review in a case that raises the issue of *Johnson*'s applicability to cases on collateral review.  *See United States v. Welch*, No. 14-15733 (11th Cir. June 9, 2015), *cert. granted*, 84 U.S. L.W. 3382 (Jan. 8, 2016) (No. 15-6418). *Welch* was argued on March 30, 2016.

*Johnson* to the ACCA is a substantive change in the law because it necessarily alters the statutory range of permissible sentences, the application of *Johnson* to the Sentencing Guidelines' residual clause produces procedural changes in the sentencing process that are not retroactive on collateral review.

Although *Johnson*'s holding that the ACCA's residual clause is invalid applies to the identically worded residual clause in the Career Offender guideline in cases that are not yet final, *see*, *e.g.*, *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) (holding that USSG § 4B1.2 residual clause is unconstitutionally vague), different – and more restrictive – retroactivity principles govern when a defendant seeks to undo a final judgment on the basis of an intervening decision. *See generally Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion). Under *Teague* and its progeny, courts generally refuse to apply (or announce) new rules of criminal procedure for the first time in cases on collateral review. *Id*. at 311.

In sum, *Johnson* applies retroactively in all ACCA cases and in guidelines cases on direct review, but it does not apply retroactively in Career Offender guidelines cases such as this one that were final before the decision in *Johnson* was announced.

**B. New Substantive Rules Apply Retroactively On Collateral Review, But New Procedural Rules Almost Invariably Do Not**.

Under the Supreme Court's retroactivity analysis, new rules of criminal procedure do not apply retroactively to cases that became final before the decisions announcing those rules were issued. *Teague*, 489 U.S. at 310; *see also Stringer v. Black*, 503 U.S. 222, 228 (1992) (referring to the "interests in finality, predictability, and comity underlying our new rule jurisprudence"). The *Teague* defense "is not 'jurisdictional' in the sense that [federal courts] * * * must raise and decide the issue *sua sponte*," *Collins v. Youngblood*, 497 U.S. 37, 41 (1990), but where (as here)

the government asserts a *Teague* defense, "the court *must* apply *Teague* before considering the merits of the claim." *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994) (emphasis in original).

  **C. A Rule That *Johnson* Extends To The Sentencing Guidelines Would Represent A New, Non-Watershed Rule Of Procedure Which Would Not Be Retroactive**.

A ruling that *Johnson* renders the residual clause in the guidelines unconstitutionally vague depends on the announcement of new non-watershed rules of criminal procedure. Accordingly, *Teague* bars the Court from announcing those rules and from granting defendant collateral relief from his guidelines sentence.

    1. *A Rule Extending Johnson To The Federal Sentencing Guidelines Would Be "New."*

No prior precedent dictated the conclusion that the guidelines' residual clause is unconstitutionally vague. To the contrary, the Supreme Court had twice rejected the argument that the identically worded residual clause in the ACCA was vague when that argument was pressed in dissenting opinions. *See James v. United States*, 550 U.S. 192, 210 n.6 (2007); *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2010). To conclude as it did, *Johnson* had to "overrule[] * * * [the] contrary holdings in *James* and *Sykes*," 135 S. Ct. at 2563, and "there can be no dispute that a decision announces a new rule it if expressly overrules a prior decision." *Graham v. Collins*, 506 U.S. 461, 467 (1993); accord *Saffle*, 494 U.S. at 488.

The conclusion that *Johnson* announced a new rule is particularly clear in this case, where this Court may grant relief only by extending *Johnson*'s holding to the guidelines. *Johnson* voided the ACCA's residual clause for vagueness, and in doing so, abandoned the Court's previous efforts to narrow the scope of that clause through judicial construction. 135 S. Ct. at 2556-2560, 2563. Yet *Johnson* nowhere mentioned the Sentencing Guidelines, even though the guidelines contain an identically-worded residual clause in § 4B1.2, and even though

the government's supplemental brief in *Johnson* referred to § 4B1.2's commentary in arguing that possession of a sawed-off shotgun poses an inherent risk of violence. *See* U.S. Supp. Br. 10, *Johnson v. United States*, No. 13-7120 (filed Mar. 20, 2015). A rule that the Career Offender guideline's residual clause is unconstitutionally vague in light of *Johnson* would therefore be a "new" rule.

### 2. A Rule Extending Johnson To The Federal Sentencing Guidelines Would Be "Procedural."

Applying *Johnson* to the career-offender guideline's residual clause also would be a procedural rule subject to *Teague*. The effect of *Johnson* in the Guidelines context stands in contrast to the effect of *Johnson* under the ACCA. Under the ACCA, when a court relied on the residual clause to find that the defendant had the necessary three prior convictions, the defendant's sentence was elevated from a maximum of ten years to a *minimum* of 15 years. *Compare* 18 U.S.C. § 924(a)(2) with 18 U.S.C. § 924(e)(1). The constitutional rule announced in *Johnson* renders the 15-year minimum prison sentence illegal in cases where it was based on the residual clause, and that change is substantive because it alters the permissible ranges of sentences.[4] *See*, *e.g.*, *Price v. United States*, 795 F.3d 731 (7th Cir. 2015) ("*Johnson*, we conclude, announced a new substantive rule [in an ACCA case because a] defendant who was sentenced under the residual clause necessarily bears a significant risk of facing a punishment that the law cannot impose upon him."); *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015) ("[W]e

---

[4] As Justice Ginsburg stated during oral argument in *Welch*: "How can it not be substantive when, under one rule, the sentence range goes minimum 15 years up to life, and the other reading, it's zero to ten years? I can't imagine anything more substantive than five extra – a minimum of five extra years in prison." www.oyez.org/cases/2015/15-6418 (transcript of oral argument).

agree [with the defendant] that *Johnson* announced a new substantive rule of constitutional law.").[5]

Misapplications of the Sentencing Guidelines, in contrast, do not have the same consequences. A rule invalidating the crime-of-violence residual clause would establish that the defendant's guidelines range was incorrectly calculated, but it would not disturb the statutory boundaries for sentencing set by Congress for the crime. The Career Offender guideline does not trigger a statutory mandatory minimum sentence that would not otherwise apply and does not elevate the statutory maximum, as is true under the ACCA. See *Mistretta v. United States*, 488 U.S. 361, 396 (1989) (Sentencing Guidelines do not usurp "the legislative responsibility for establishing minimum and maximum penalties for every crime," but instead operate "within the broad limits established by Congress"). Indeed, guidelines sentences always must be within the statutory limits set by Congress; as a result, a guidelines sentence imposed on the basis of an incorrect guidelines range may be erroneous, but it is not illegal or unlawful as in a case involving prejudicial *Johnson* error under the ACCA. See *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (explaining that "Sun Bear's 360-month [guidelines] sentence," imposed on the basis of an error in classifying him as a mandatory career offender, "is not unlawful" because "[a]n unlawful or illegal sentence is one imposed without, or in excess of, statutory authority").

An error in calculating the guidelines range, therefore, does not alter the statutory sentencing range or prevent reimposition of the same sentence without the career-offender enhancement, as would be true with prejudicial *Johnson* error in the ACCA setting. To illustrate, the defendant here faced a statutory sentencing range of five to 40 years' imprisonment for his

---

[5] The Eleventh Circuit also rejected the argument that the Supreme Court held that the "new rule" announced in *Johnson* was retroactive to cases on collateral review. *In re Rivero*, 797 at 989. For the reasons explained *supra* in footnote 2, the United States disagrees with this holding.

offense, *see* 21 U.S.C. § 841(b)(1)(B), and his 12-year sentence as a career offender was well within those statutory parameters.

In cases describing appellate review under *United States v. Booker,* 543 U.S. 220 (2005), the Supreme Court has characterized errors in calculating a defendant's advisory guidelines range as "procedural," rather than substantive.  See, *e.g.*, *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) ("Failing to calculate the correct [advisory] Guidelines range constitutes procedural error.") (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  That reflects the role of the Guidelines in the sentencing process:  they are a step in imposing sentence, not a statutory direction on the range of available sentences.  And although the meaning of "substance" and "procedure" can vary based on context, *see Sun Oil Co. v. Wortman*, 486 U.S. 717, 726 (1988), one court of appeals has relied on *Peugh*'s reference to "procedural error" to conclude that new rules affecting the calculation of a defendant's advisory guidelines range are procedural and thus not retroactive on collateral review.  See *Hawkins v. United States*, 724 F.3d 915, 917-918 (7th Cir. 2013) (supplemental opinion on denial of rehearing) (suggesting that because the Supreme Court described use of the incorrect Guidelines range as "procedural error," the Ex Post Facto holding in *Peugh* would not be applied retroactively on collateral review), cert. denied, 134 S. Ct. 1280 (2014); see also *Herrera-Gomez v. United States*, 755 F.3d 142, 146-147 (2d Cir. 2014) (holding that *Peugh* announced a new, non-watershed procedural rule that could not support a second-or-successive Section 2255 motion).

Before *United States v. Booker*, *supra*, sentencing courts had the authority to "depart" from the guidelines range in appropriate cases.  *See* USSG § 5K2.0; *see also Koon v. United States*, 518 U.S. 81, 92 (1996); *Williams v. United States*, 503 U.S. 193, 205 (1992) ("The selection of the appropriate sentence from within the guideline range, as well as the decision to

depart from the range in certain circumstances, are decisions that are left solely to the sentencing court."). After *Booker*, sentencing courts have broader authority to "vary" from the now-advisory guidelines range, *see Booker*, 543 U.S. at 245-246, including, in particular, the Career Offender guideline range. *See*, *e.g.*, *Spencer v. United States*, 773 F.3d 1132, 1142 (11th Cir. 2014) (en banc) (stating that "sentencing courts depart or vary from the guideline range more often when they sentence career offenders"). That judicial authority to impose lesser sentences than called for by the guidelines illustrates that an erroneous Career Offender designation is a procedural step in a multi-step process that results in a court's selection of a sentence, not a substantive rule that expands or contracts the statutory range of outcomes. Accordingly, *Johnson*'s application to the guidelines constitutes a procedural rule, not a substantive decision entitled to retroactive application in guidelines cases on collateral review.

### 3. *A Rule Extending Johnson To The Federal Sentencing Guidelines Would Not Be "Watershed."*

The new procedural rule resulting from the extension of *Johnson*'s holding to the guidelines' residual clause would not be "watershed." An error in calculating a defendant's guidelines *range* does not necessarily render the sentence unfair or unreliable in the way that a complete deprivation of the right to counsel renders a trial conducted without counsel unfair and unreliable. See, *e.g.*, *United States v. Cronic*, 466 U.S. 648, 659 (1984) (complete denial of counsel at a critical stage renders the trial "unfair," and the "adversary process itself presumptively unreliable"). There will be many cases where the sentencing court's reliance on the residual clause did not affect the sentence (*i.e.*, cases where the court indicates that it would have imposed the same sentence regardless of the range, or where the defendant has other qualifying prior convictions).

*Johnson* in any event does not alter the bedrock procedural elements essential to the fairness of a sentencing proceeding. *Johnson* did not recognize, for the first time, that the due process clause prohibits vague penal laws; rather, it merely extended that well-recognized constitutional principle, *see*, *e.g.*, *Lanzetta v. New Jersey*, 306 U.S. 451, 458 (1939), to hold a particular statutory enhancement unconstitutionally vague. *Johnson*, 135 S. Ct. at 2577. But new rules that merely apply a pre-existing legal principle in a new context do not "effect a sea change in criminal procedure comparable to that wrought by *Gideon*." *Panetti v. Stephens*, 727 F.3d 398, 414 (5th Cir. 2013).

Therefore, Defendant is entitled to no relief because under *Teague* any extension of *Johnson* to the Career Offender guideline would not be a new substantive rule, nor would it be a new "watershed" procedural rule. Defendant was neither convicted of a violation of 18 U.S.C. § 922(g), nor was his sentence enhanced under the ACCA. Instead, he was sentenced under the Career Offender sentencing guidelines provision and is not entitled to relief on collateral review. This Court should deny Defendant's motion. *See Washington v. United States*, case no. 16-00093 RB/CG (D.N.M. February 10, 2016) (rejecting *Johnson* collateral attack on sentence based on Career Offender residual clause).

        Respectfully submitted,

        DAMON P. MARTINEZ
        United States Attorney

        *Electronically Filed 4/4/2016*
        TERRI J. ABERNATHY
        Assistant U.S. Attorney
        555 S. Telshor Blvd., Ste. 300
        Las Cruces, NM 88011
        575-522-2304

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that a copy of the foregoing was mailed via First Class Certified mail to Ricky Salazar, Reg. No. 21223-0051, FCI Beaumont Medium, Federal Correctional Institution, P.O. Box 26040, Beaumont, TX 77720, on this 4th day of April, 2016.

*/s/   Electronically Filed 4/4/2016*
TERRI J. ABERNATHY
Assistant U.S. Attorney