IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                      No.    08-cr-0777 MV
                                                                               16-cv-0165 MV/SMV

**RICKY SALAZAR,**

    **Defendant.**

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendant Salazar's pro se motion to correct his sentence under 28 U.S.C. § 2255, filed March 7, 2016. [CV Doc. 1], [CR Doc. 63]. The United States responded on April 4, 2016. [CV Doc. 5], [CR Doc. 65]. Salazar replied pro se on April 13, 2016. [CV Doc. 7], [CR Doc. 67]. On May 19, 2016, after an attorney appeared on his behalf, Salazar filed his Supplemental Counseled Brief Related to His Petition to Correct His Illegal Sentence. [CV Doc. 14], [CR Doc. 74]. The United States filed its supplemental response on June 2, 2016. [CV Doc. 15], [CR Doc. 75]. The parties submitted additional briefs in response to an Order to Show Cause. [Docs. 18–21, 24]. The Honorable Martha Vázquez, United States District Judge, referred this matter to me for findings and a recommended disposition. [Doc. 6].[1] Having considered the briefing, the relevant portions of the underlying criminal record, the relevant authorities, and being otherwise fully advised in the premises, I find that Salazar's underlying convictions for felony Aggravated Battery and felony Aggravated

---

[1] Unless specifically noted otherwise, citations to document numbers refer to the docket in the civil case, which is case number 16-cv-0165 MV/SMV.

Battery Against a Household Member, NMSA 1978, §§ 30-3-5(C) and 30-3-16(C), qualify as crimes of violence under the "force clause" (irrespective of the "residual clause") of U.S. Sentencing Guidelines Manual ("Guidelines" or "Sentencing Guidelines") § 4B1.2(a) (2009). Therefore, his argument that the residual clause is retroactively unconstitutional under *Johnson v. United States* need not be addressed. Even if the residual clause were retroactively unconstitutional, a matter that I decline to decide, Salazar would still not be entitled to re-sentencing. His Motion should be denied.

## Background

Salazar was indicted in 2008 on two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C) and 18 U.S.C. § 2. [CR Doc. 16] at 1–2. At Salazar's request, Judge Vázquez ordered a Form 13 Pre-Conviction Pre-Sentence Report. [CR Doc. 33]. Thereafter, the parties entered into a plea agreement under Fed. R. Crim. P. 11(c)(1)(C). [CR Doc. 45]. Pursuant to the plea agreement, Salazar pleaded guilty to one count of possession with intent to distribute and stipulated that the appropriate sentence should be 144 months' incarceration. [CR Docs. 45, 54, 55].

The United States Probation Office ("USPO") completed a full Pre-Sentence Investigation Report ("PSR"). The PSR calculated Salazar's Total Offense Level as 34 and his Criminal History Category as VI, yielding a guideline range of 262–327 months.[2] PSR ¶¶ 26, 53; *see* Guidelines Sentencing Table. USPO determined that Salazar was a career offender pursuant to § 4B1.1 of the Sentencing Guidelines because of two prior New Mexico state court

---

[2] USPO applied the 2009 edition of the Guidelines, PSR ¶ 16, as did Salazar, [Doc. 14] at 3. The United States does not suggest that a different edition is applicable.

convictions, one for felony Aggravated Battery and one for felony Aggravated Battery Against a Household Member. PSR ¶ 24. Ultimately, Judge Vázquez imposed a sentence of 144 months' imprisonment, the term to which Salazar had stipulated in the plea agreement. [CR Doc. 52] at 2.

Proceeding pro se, Salazar filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582, on August 21, 2015, which remains pending. [CR Doc. 57]. Otherwise, the instant petition is the only post-conviction relief Salazar has sought.

### Motions under § 2255 and *Johnson II*

Pursuant to 28 U.S.C. § 2255(a), a "prisoner in custody" pursuant to a federal conviction may "move the court" "to vacate, set aside or correct the sentence" if it "was imposed in violation of the Constitution or laws of the United States."

In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) ("*Johnson II*"), the Supreme Court held that the so-called residual clause of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. The ACCA required imposition of a minimum 15-year term of imprisonment for defendants convicted of unlawful possession of a firearm under 18 U.S.C. § 922(g), who have three prior convictions for violent felonies or drug offenses. The ACCA defined "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that —
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The closing words of this definition, italicized above, have come to be known as the "residual clause."

The Court explained that the residual clause left "grave uncertainty" about "deciding what kind of conduct the 'ordinary case' of a crime involves."  *Johnson II*, 135 S. Ct. at 2258.  That is, the residual clause "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges" because it "tie[d] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements."  *Id.* at 2557.  Second, the ACCA's residual clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony."  *Id.* at 2558.  By combining these two indeterminate inquiries, the Court held, "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates."  *Id.*  On that ground it held the residual clause void for vagueness.  *Id.*

Soon thereafter, the Court determined that its ruling in *Johnson II* was substantive (as opposed to procedural) and, therefore, had "retroactive effect in cases on collateral review."  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).  Accordingly, *Welch* opened the door for individuals sentenced under the residual clause of the ACCA's violent-felony definition to move to vacate their sentences as unconstitutional under § 2255.

Salazar's sentence, however, was not enhanced under the ACCA, nor does he claim that it was.  He was sentenced under § 4B1.1 of the Sentencing Guidelines.  This section is known as the career offender guideline.  Like the ACCA, the career offender guideline prescribes harsher sentences for individuals with prior convictions for "crimes of violence."  Also, like the ACCA, the Guidelines' definition of "crime of violence" includes a residual clause.

4

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 4B1.2(a) (2009) (emphasis added). The closing words of this definition, italicized above, have come to be known as the "residual clause" of the career offender guideline's definition of "crime of violence."

Salazar reasons that because the residual clause in § 4B1.2(a) mirrors the residual clause in the ACCA, the Supreme Court's holding in *Johnson II* (that the ACCA's residual clause is unconstitutionally vague) should apply equally to § 4B1.2(a). In other words, Salazar asks the Court to extend *Johnson II* beyond the ACCA to the career offender guideline. There is some support for his position.

In *United States v. Madrid*, the Tenth Circuit invoked *Johnson II* to invalidate the residual clause of the career offender guideline. 805 F.3d 1204, 1210 (10th Cir. 2015). However, *Madrid* was not a collateral attack on a sentence; it was a direct appeal. This distinction matters because, in order to rely on *Madrid* for the instant collateral attack, Salazar must show that the rule in *Madrid* is retroactive. *See Welch*, 136 S. Ct. at 1264 (describing the standard for determining the retroactivity of new constitutional rules of criminal procedure). There is no *Welch* corollary expressly holding that *Madrid* is or is not retroactive, and it is no surprise that the parties dispute whether *Madrid* should apply retroactively. *Compare* [Doc. 14] at 7–14 (Salazar's position), *with* [Doc. 15] at 2–6 (the United States' position).

These issues—whether *Johnson II* should be extended to the career offender guideline, and if so, whether such ruling should apply retroactively—are currently before the Supreme Court in *Beckles v. United States* (S. Ct. No. 15-8544).  I ordered the parties to show cause why Salazar's § 2255 motion should not be stayed pending the Supreme Court's ruling in *Beckles*. [Doc. 17].  The United States urges a stay.  [Doc. 18].  It argues that it would be prejudiced if the Court were to grant Salazar's motion and resentence him to a lesser term, only for the Supreme Court to decide *Beckles* adverse to Salazar's position.  *Id.* at 3.  Salazar argues that he would be prejudiced by a stay because he likely would be eligible for immediate release if the Court were to grant his motion.  *See* [Doc. 19] at 1–3.  I agree that this case should not be stayed pending a ruling in *Beckles*.  If Salazar had been sentenced pursuant to the residual clause and if he were likely eligible for immediate release, it would be unjust to delay a ruling.  *See, e.g., United States v. Smith*, No. 16-8091 (10th Cir. Nov. 9, 2016) (holding same).  However, having thoroughly examined Salazar's arguments, I find that regardless of how the Supreme Court rules in *Beckles*, Salazar is not entitled to resentencing because he was sentenced under the force clause (and the residual clause is not material).  *See* § 4B1.2(a)(1).

### Salazar's convictions for New Mexico felony Aggravated Battery and felony Aggravated Battery Against a Household Member qualify as crimes of violence under the force clause of § 4B1.2.

Salazar's designation as a career offender was based on two prior felony convictions, one for Aggravated Battery, and one for Aggravated Battery Against a Household Member.  *See* §§ 30-3-5(C), 30-3-16(C).  Salazar argues that he should be resentenced because neither of these convictions qualifies as a crime of violence, but for the unconstitutionally vague residual

6

clause. In response, the United States argues that the residual clause is not at issue because Salazar's convictions qualify as crimes of violence under the so-called "force clause" (or "elements clause") of the Guidelines' definition of crime of violence ("The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that— (1) has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" § 4B1.2(a)(1)).[3] Therefore, the United States argues, since the residual clause is not implicated, *Johnson II* does not apply to this case and Salazar is not entitled to be resentenced.[4, 5]

I agree with the United States. Salazar's convictions under §§ 30-3-5(C) and 30-3-16(C) each have "as an element the use, attempted use, or threatened use of physical force against the person of another." Because they qualify as crimes of violence pursuant to the force clause of the Guidelines, § 4B1.2(a)(1), the Court need not address the residual clause.

<u>I will compare the elements of the crimes of conviction with the force clause.</u>

To determine if a prior conviction qualifies as a crime of violence under the Guidelines, courts apply the categorical approach, focusing on the elements of the crime of conviction, not

---

[3] Both parties contend that the convictions at issue here are not listed in the "enumerated clause." [Doc. 20] at 2; [Doc. 24] at 4. I agree. Neither conviction is for burglary, arson, or extortion or involves the use of explosives. *See* § 4B1.2(a) (listing the enumerated crimes).

[4] Salazar urges the Court to disregard the United States' argument that the underlying convictions satisfy the force clause because he says the United States waived it. [Doc. 24] at 1–3. The United States did not elaborate on its position until its "reply" to the Order to Show Cause, and Salazar believes that was too late. [Doc. 20]. I am not convinced that the argument was waived. Even if it had been waived, though, the Court would have discretion to consider it. *See Planned Parenthood of Kan. & Mid-Missouri v. Moser*, 747 F.3d 814, 836 (10th Cir. 2014). Besides, Salazar was not prejudiced by the timing of the argument because he sought and was granted leave to file a "surreply," which he did. [Doc. 24].

[5] The parties do not address whether any of Salazar's other prior felony convictions (e.g., Dueling, § 30-20-11, or Aggravated Battery upon a Peace Officer, § 30-22-25) could support the career-offender designation. *See* PSR at 13, 25 (listing the convictions).

the underlying facts. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). The question here is whether Salazar's statutes of conviction each have "as an element the use, attempted use, or threatened use of physical force against the person of another." *See* § 4B1.2(a)(1). This inquiry requires application of both federal and state law. Federal law defines the meaning of the phrase "use, attempted use, or threatened use of physical force" in § 4B1.2(a)(1). *See United States v. Rivera-Oros*, 590 F.3d 1123, 1126 (10th Cir. 2009). And state law defines the substantive elements of the crime of conviction. *United States v. Harris*, 844 F.3d 1260, 2017 U.S. App. LEXIS 103, *6 (10th Cir. 2017). The Court must identify the minimum force required by New Mexico law for the statute of conviction and then determine if that force categorically satisfies the force clause, § 4B1.2(a)(1). *Id.* I will start with case law interpreting the force clause.

<u>The force clause requires violent force; mere touching is not enough.</u>

The so-called "force clause" of § 4B1.2 provides that an underlying conviction is a crime of violence where it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). In *Johnson v. United States* ("*Johnson I*"), 559 U.S. 133, 138–40 (2010), the Supreme Court interpreted the force clause in the definition of "violent felony" under the ACCA.[6] The Court concluded that the term "physical force" meant

---

[6] The language of the force clause of the Guidelines' definition of crime of violence is exactly the same as appears in the force clause in the ACCA's definition of violent felony. *Compare* § 4B1.2(a)(1) ("any offense . . . that — (1) has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* § 924(e)(2)(B)(i) ("any crime . . . that — (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;"). Not surprisingly then, the definition of "physical force" from *Johnson I* applies not only in the ACCA's violent felony context, but also in the Guidelines' crime-of-violence context. *United States v. Mitchell*, 653 F. App'x 639, 644 (10th Cir. 2016) (citing *Madrid*, 805 F.3d at 1210 ("The ACCA residual clause is 'virtually identical' to the residual clause of the Guidelines, and as such, this Court has consistently applied

"*violent* force—that is, force capable of causing physical pain or injury to another person." *Id.* at 140. Because Florida battery could be committed with "*any* intentional physical contact, 'no matter how slight,'" *id.* at 138 (quoting *State v. Hearns*, 961 So. 2d 211, 218 (Fla. 2007)), the Court held that Florida battery did not qualify as a violent felony under the force clause of the ACCA. *Id.* at 138, 140–41.

The Tenth Circuit Court of appeals has examined whether various state statutes of conviction satisfy the force clause. It found, for example, that Oklahoma battery did not satisfy the force clause (of the ACCA) because it could be committed with "'only the slightest touching.'" *United States v. Smith*, 652 F.3d 1244, 1247 (10th Cir. 2011) (quoting *Steele v. State*, 778 P.2d 929, 931 (Okla. Crim. App. 1989)). Conversely, however, the court found that Oklahoma assault with a dangerous weapon did satisfy the force clause (of the Guidelines) because it required the "intentional attempt or threat to commit violence on another . . . with a weapon capable of causing great bodily harm." *Mitchell*, 653 F. App'x at 645.

Similarly, in *United States v. Ramon Silva*, the court held that New Mexico's "apprehension causing" aggravated assault statute satisfied the force clause (of the ACCA) because it required "threaten[ing] or engag[ing] in menacing conduct with a deadly weapon toward a victim, causing the victim to believe he or she was about to be in danger of receiving an immediate battery." 608 F.3d 663, 670–71 (10th Cir. 2010) (internal quotation marks omitted). The court explained that the New Mexico statute contemplated sufficient force to qualify as a violent felony, in part because, even though it did not require actual physical contact or violence

---

the same analysis to both clauses.")). Thus, both the ACCA and Guidelines cases are authoritative in interpreting the force clause.  *See id.*

9

against the victim, the conduct that it criminalized "'could always lead to . . . substantial and violent contact, and thus it would always include as an element' the threatened use of violent force." *Id.* at 672 (quoting *United States v. Treto-Martinez*, 421 F.3d 1156, 1160 (10th Cir. 2005)).

Likewise, in *Treto-Martinez*, the Tenth Circuit held that aggravated battery in Kansas satisfied the force clause (of the Guidelines).

> As to the other disjunct under § 21-3414(a)(1)(C)—"physical contact . . . whereby great bodily harm, disfigurement or death can be inflicted,"—it is clear that a violation of this provision is also sufficient to satisfy § 2L1.2(b)(1)(A)'s meaning for "physical force." No matter what the instrumentality of the contact, if the statute is violated by contact that can inflict great bodily harm, disfigurement or death, it seems clear that, at the very least, the statute contains as an element the "threatened use of physical force." Thus, violation of Kan. Stat. Ann. § 21-3414(a)(1)(C) is entirely sufficient to constitute a "crime of violence" for purpose of a sixteen-level enhancement under § 2L1.2(b)(1)(A).

*Treto-Martinez*, 421 F.3d at 1160.[7] I will now turn to Salazar's statutes of conviction.

<u>Salazar was convicted of felony Aggravated Battery and
felony Aggravated Battery Against a Household Member.</u>

Salazar was convicted under New Mexico's Aggravated Battery and Aggravated Battery Against a Household Member statutes. These statutes provide:

---

[7] The Guidelines section at issue in *Treto-Martinez* contains the same force-clause language to define "crime of violence" as is used in the Guidelines section at issue in this case. *Compare* § 2L1.2(b)(1) Application Note 1(B)(iii) (defining crime of violence, in part, as a crime "that has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* § 4B1.2(a)(1) (defining crime of violence, in part, as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another").

10

**30-3-5.  Aggravated battery.**

**A.** Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.

**B.** Whoever commits aggravated battery, inflicting an injury to the person which is not likely to cause death or great bodily harm, but does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.

**C.** Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

Section 30-3-5.

**30-3-16.  Aggravated battery against a household member.**

**A.** Aggravated battery against a household member consists of the unlawful touching or application of force to the person of a household member with intent to injure that person or another.

**B.** Whoever commits aggravated battery against a household member by inflicting an injury to that person that is not likely to cause death or great bodily harm, but that does cause painful temporary disfigurement or temporary loss or impairment of the functions of any member or organ of the body, is guilty of a misdemeanor.

**C.** Whoever commits aggravated battery against a household member by inflicting great bodily harm or doing so with a deadly weapon or doing so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony.

>**D.** Upon conviction pursuant to Subsection B of this section, an offender shall be required to participate in and complete a domestic violence offender treatment or intervention program approved by the children, youth and families department pursuant to rules promulgated by the department that define the criteria for such programs.
>
>**E.** Notwithstanding any provision of law to the contrary, if a sentence imposed pursuant to the provisions of Subsection B of this section is suspended or deferred in whole or in part, the period of probation may extend beyond three hundred sixty-four days but may not exceed two years. If an offender violates a condition of probation, the court may impose any sentence that the court could originally have imposed and credit shall not be given for time served by the offender on probation; provided that the total period of incarceration shall not exceed three hundred sixty-four days and the combined period of incarceration and probation shall not exceed two years.

Section 30-3-16.

There is no dispute that Salazar was convicted of the felony versions of both statutes. *Compare* [Doc. 20] at 5 (the United States describing the convictions as felonies and not misdemeanors), *with* [Doc. 14] at 4–5 (Salazar's acknowledgement that he was convicted of the felony versions), *and* [Doc. 24] at (Salazar's argument, applying the felony versions, not the misdemeanor versions); *see* PSR at 16, 23 (characterizing the convictions as felonies). Thus, I will compare the felony versions—i.e., subsections C—with § 4B1.2(a)(1).[8, 9]

---

[8] The portions of these statutes that are relevant to Salazar's § 2255 motion—i.e., subsections C—are substantially identical. Therefore, I analyze them together. In other words, my determination as to whether Salazar's convictions under these statutes qualify as crimes of violence is the same for either statute. The statutes' distinctions are irrelevant to the instant motion.

[9] I find that felony Aggravated Battery and felony Aggravated Battery Against a Household Member are each divisible from their respective misdemeanor versions. *See generally Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (describing the divisibility standard). The matter appears undisputed. *See* [Doc. 20] at 4–5 (United States arguing the same); [Doc. 24] at 4−7 (Salazar's comparison of only the felony versions (and not the misdemeanor versions) with § 4B1.2(a)(1)). To the extent that there is any dispute, however, I find that the felony versions are

12

<u>Comparing the elements of the conviction statutes
with the force clause of § 4B1.2(a), I find that they match.</u>

The least culpable conduct criminalized as felony Aggravated Battery in New Mexico would be: **the unlawful touching or application of force to the person of another with the intent to injure that person or another, in any manner whereby great bodily harm or death can be inflicted**.[10]  §§ 30-3-5(A), (C), 30-3-16(A), (C); *see generally Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts are encompassed by [the force clause].") (last set of brackets added) (quoting *Johnson I*, 559 U.S. at 137).  This satisfies the Guidelines' force clause, § 4B1.2(a)(1), which defines a crime of violence as one **having as an element (1) the use, (2) attempted use, or (3) threatened use of (4) physical force (i.e., "*violent* force—that is, force capable of causing physical pain or injury to another person") against the person of another**.  § 4B1.2(a)(1); *Johnson I*, 559 U.S. at 140.

Unlike the Florida battery statute in *Johnson I* and the Oklahoma battery statute in *Smith*, these New Mexico statutes cannot be satisfied with mere touching.  Rather, the New Mexico statutes require more; they require the intent to injure and commission in a manner whereby great bodily harm or death can be inflicted.  These extra elements put the New Mexico Aggravated Battery statutes solidly in the range of the conduct contemplated by *Ramon Silva*

---

divisible from the misdemeanor version.  Therefore, the elements of the misdemeanor versions are not compared to § 4B1.2(a)(1).

[10] Salazar identifies this same least culpable conduct as satisfying felony aggravated battery in New Mexico. [Doc. 24] at 4, 5.

13

(New Mexico aggravated assault), *Mitchell* (Oklahoma assault with a deadly weapon), and *Treto-Martinez* (Kansas aggravated battery), all of which were held to satisfy the force clause.

*Treto-Martinez*, which analyzed the Kansas aggravated battery statute, is quite persuasive, if not controlling.[11] The challenged statutory language in that case was virtually identical to the statutory language at issue here. *Compare Treto-Martinez*, 421 F.3d at 1160 ("physical contact . . . *whereby great bodily harm, disfigurement or death can be inflicted*") (quoting Kansas aggravated battery statute, Kan. Stat. Ann. § 21-3414(a)(1)(C) (emphasis added)), *with* §§ 30-3-5(A), (C), 30-3-16(A), (C) (the unlawful touching or application of force to the person of another with the intent to injure that person or another, *in any manner whereby great bodily harm or death can be inflicted*) (emphasis added). In *Treto-Martinez*, the Tenth Circuit held:

> [I]t is clear that a violation of this provision is also sufficient to satisfy § 2L1.2(b)(1)(A)'s meaning for "physical force." **No matter what the instrumentality of the contact, if the statute is violated by contact that can inflict great bodily harm, disfigurement or death, it seems clear that, at the very least,**

---

[11] Although *Treto-Martinez* pre-dates *Johnson I*, the court in *Treto-Martinez* did not apply a lesser standard of "physical force" in interpreting the force clause. *Compare Treto-Martinez*, 421 F.3d at 1159 (holding that "[a]lthough not all physical contact performed in a rude, insulting[,] or angry manner would rise to the level of physical force," (i.e., more than mere touching is required), such contact would satisfy the force clause if carried out with a deadly weapon), *with Johnson I*, 559 U.S. at 140 (requiring more than mere touching to satisfy the force clause). Therefore, it does not appear that the precedential value of *Treto-Martinez* was diminished by *Johnson I*. In fact, it appears that *Johnson I* resolved a split among the circuits as to whether mere touching could satisfy the force clause—essentially affirming the Tenth Circuit's approach. *See generally United States v. Hays*, 526 F.3d 674, 677–81 (10th Cir. 2008) (discussing the circuit split); *id.* at 684 n.4 (Ebel, J., dissenting) (also discussing the circuit split). The Supreme Court held that mere touching was not enough, which is consistent with earlier Tenth Circuit decisions. *See, e.g., United States v. Venegas-Ornelas*, 348 F.3d 1273, 1275 (10th Cir. 2003) ("Force, as used in the definition of a crime of violence, is synonymous with destructive violent force."); *Hays*, 526 F.3d at 681 ("[P]hysical force in a crime of violence[] must, from a legal perspective, entail more than mere contact. Otherwise, *de minimis* touchings could [suffice].") (internal quotation marks omitted). Accordingly, it does not appear to me that *Johnson I* necessarily changed the law in the Tenth Circuit nor made stale our circuit court's earlier decisions on scope of the force clause.

>
> the statute contains as an element the "threatened use of physical force."

*Treto-Martinez*, 421 F.3d at 1160 (emphasis added). Here, the statutes at issue can be violated by unlawful touching or the application of force to the person of another, with the intent to injure that person or another, in any manner whereby great bodily harm or death can be inflicted. It seems clear to me that Salazar's statutes of conviction, therefore, each contain as an element the "threatened use of physical force."

Salazar offers no authority showing that New Mexico courts have applied his statutes of conviction in a manner inconsistent with the force clause of § 4B1.2(a). Nor does he offer any authority suggesting a realistic probability that they would do so. *See Moncrieffe*, 133 S. Ct. at 1684–85 ("[O]ur focus on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense; there must be a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the [force clause].") (internal quotation marks omitted); *Harris*, 844 F.3d 1260, 2017 U.S. App. LEXIS 103, *7 (same). New Mexico felony Aggravated Battery and felony Aggravated Battery Against a Household Member are categorical crimes of violence. Salazar's motion should be denied.[12]

---

[12] At least three judges in this district have reached the same conclusion. *United States v. Vasquez*, 16-cv-0678 JAP/WPL (D.N.M. Jan. 10, 2017) ([Doc. 11] at 8, district judge's holding that under the force clause, felony Aggravated Battery is a crime of violence); *United States v. Baker*, 16-cv-0715 PJK/GBW (D.N.M. Dec. 15, 2016) ([Doc. 9] at 17–20, magistrate judge's recommendation that under the force clause, felony Aggravated Battery is a violent felony); *United States v. Pacheco*, 16-cv-0341 WJ/CG (D.N.M. Aug. 1, 2016) ([Doc. 13] at 11–13, magistrate judge's recommendation that under the force clause, felony Aggravated Battery Against a Household Member is a violent felony).

Salazar's arguments are not persuasive.

I have carefully considered Salazar's arguments and find them to be unpersuasive. Salazar first argues that his statutes of conviction can be satisfied by "mere touching." [Doc. 14] at 5. He cites two New Mexico cases for support. However, these cases analyze "simple" battery, not felony aggravated battery. *See State v. Ortega*, 1992-NMCA-003, 113 N.M. 437, 440 (upholding the conviction under NMSA 1978, § 30-22-24 (1971) (Battery upon a Peace Officer, i.e., simple battery)); *State v. Seal*, 1966-NMSC-123, 76 N.M. 461 (affirming the conviction under NMSA 1953, § 40A-3-4 (1963), the predecessor statute to simple battery, i.e., non-felony aggravated battery, NMSA 1978, § 30-3-4 (1963)). Neither case supports Salazar's argument. The plain language of Salazar's statutes of conviction explicitly require more than mere touching. Salazar cites no authority suggesting otherwise.

Second, Salazar seems to argue that New Mexico aggravated battery cannot satisfy the force clause because it does not require the defendant to actually "'touch the victim himself, but instead, [is satisfied when he] sets in motion a series of physical events ultimately resulting in the application of force to the victim' such as 'striking a window with sufficient force to propel the glass inward and against the victim.'" [Doc. 14] at 5 (alteration omitted) (quoting *State v. Wynn*, 2001-NMCA-020, 130 N.M. 381, 383). Without any further analysis whatsoever, he concludes on this basis that aggravated battery is "a mismatch for the [force] clause . . ." [Doc. 14] at 5. But nothing in the force clause purports to require that the defendant actually touch the victim himself. Rather, it requires only that the defendant have attempted or threatened "force capable of causing physical pain or injury." *Johnson I*, 559 U.S. at 140. Salazar does cite to *Smith*, 652

16

F.3d at 1247, but *Smith* only addresses the "mere touching" standard for simple battery. *Smith* does not address Salazar's implicit argument that the force clause requires the defendant to touch the victim himself. *See Smith*, 652 F.3d at 1247. The argument is without merit.

Salazar also argues that New Mexico aggravated battery does not satisfy the force clause because it "does not require the actual use of deadly weapon or the actual infliction of great bodily harm or death. It requires merely that those things could happen." [Doc. 24] at 5, 5−7. Salazar is correct that aggravated battery can be committed in New Mexico even if the victim does not actually die or suffer great bodily harm. §§ 30-3-5(C), 30-3-16(C). But that is beside the point. The force clause does not require great bodily harm or death to actually occur. The force clause is satisfied by a statute that "has as an element the use, *attempted use*, or *threatened use* of physical force against the person of another." § 4B1.2(a)(1) (emphases added); *see Harris*, 844 F.3d 1260, 2017 U.S. App. LEXIS 103, *11 (holding that robbery in Colorado satisfied the force clause (under the ACCA) where it required a knowing taking "by the use of force, *threats*, or *intimidation*") (quoting Colo. Rev. Stat. § 18-4-301(1) (2016) (emphasis added)). The argument is unpersuasive.

## Conclusion

New Mexico's felony Aggravated Battery, § 30-3-5(C), and felony Aggravated Battery Against a Household Member, 30-3-16(C), satisfy the force clause, § 4B1.2(a)(1). Salazar's motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Defendant Ricky Salazar's Motions to Correct Sentence under 28 U.S.C. § 2255 [Docs. 1, 14] be **DENIED** and that civil case number 16-cv-0165 MV/SMV be **DISMISSED with prejudice**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**